IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RICHARD MIZE,

    Plaintiff,

v.                                                    Case No. 18-1223-JWB

LEON STEFFEN, THE ESTATE OF
BEVERLY STEFFEN and
MARSHA REECE, Personal Representative
Of the Estate of Beverly Steffen,

    Defendants.


## MEMORANDUM AND ORDER

This matter is before the court on Defendant Estate of Beverly Steffen's motion to dismiss. (Doc. 11.) Plaintiff has not filed a response and the time for doing so has now passed. For the reasons stated herein, Defendant's motion is GRANTED.

### Background

On August 13, 2018, Plaintiff filed this action against Defendant Leon Steffen and Defendant Estate of Beverly Steffen ("Estate"). The complaint also names Marsha Reece as the personal representative of the Estate. Plaintiff was allegedly injured in a motor vehicle accident. Plaintiff alleges that Leon Steffen operated his vehicle in a negligent manner causing the accident. Plaintiff further alleges that Beverly Steffen was negligent in allowing her husband to drive on the date of the incident.

Defendant Estate moves to dismiss on the basis that the Estate is not a legal entity that can be sued.

## Analysis

Under Kansas law, a tort action may be maintained against an estate by filing suit against the administrator within the applicable statute of limitations. K.S.A. 59-2239(2). A decedent's estate is not a proper party and lacks the ability to be sued. *Vorhees v. Baltazar*, 283 Kan. 389, 395, 153 P.3d 1227, 1232 (2007); *Kastner v. Intrust Bank*, No. 10-1012-EFM, 2010 WL 4721215, at *7 (D. Kan. Nov. 15, 2010), *aff'd*, 569 F. App'x 593 (10th Cir. 2014). The complaint in this action names both the Estate and Reece, as executrix of the Estate, as Defendants. At this time, only the Estate has moved for dismissal as an improper party. The language in the complaint does seek judgment against the Estate, which is not an entity that can be sued under Kansas law. (Doc. 1 at 4.)

Therefore, the Estate must be dismissed from this action as an improper party.

## Conclusion

Defendant Estate's motion to dismiss is GRANTED. (Doc. 11.)

**IT IS SO ORDERED** this 13th day of November, 2018

                                           ___s/ John W. Broomes_____
                                           JOHN W. BROOMES
                                           UNITED STATES DISTRICT JUDGE